1  McGREGOR W. SCOTT
   United States Attorney
2  JOHN K. VINCENT
   ROBIN TAYLOR
3  COURTNEY J. LINN
   Assistant U.S. Attorneys
4  501 I Street, Suite 10-100
   Sacramento, CA 95814
5  Telephone:  (916) 554-2700

6

7          IN THE UNITED STATES DISTRICT COURT FOR THE

8                  EASTERN DISTRICT OF CALIFORNIA

9

10 UNITED STATES OF AMERICA,
                                    2:03-CR-005 EJG
            Plaintiff,
11    v.                            [proposed]
                                    FINAL ORDER OF FORFEITURE-
12 ALYN RICHARD WAAGE, and          MEXICAN ASSETS
   JAMES MICHAEL WEBB,
13
            Defendants.
14

15

16     Upon the application of the United States of America, and

17 for good cause shown, the Court makes the following FINDINGS AND

18 ORDERS:

19     1.  The Government has provided, or made reasonable attempts

20 to provide, notice of the Preliminary Order of Forfeiture filed

21 April 27, 2004, in a manner consistent with the requirements of

22 21 U.S.C. § 853(n) (as incorporated by 18 U.S.C. § 982(b)(1)) and

23 the requirements of due process.  No person has come forward to

24 file a timely petition against any of the assets identified in

25 the Court's Preliminary Order of Forfeiture, and the time for

26 doing so has expired.

27 ///

28

1    2.   The Court has been fully apprized of the court of

2  appeals' decision in United States v. $4,224,958.57, 392 F.3d 102

3  (9th Cir. 2004) ("Boylan").   For substantially the reasons

4  indicated in the Government's application for final order of

5  forfeiture, the Court concludes that Boylan is distinguishable.

6  Given the comprehensive legislative scheme of both the Mandatory

7  Victim Restitution Act and the criminal forfeiture laws, and the

8  unique complexities of this case, the Court concludes that the

9  interests of potential victims in this case and in the parallel

10  criminal cases falls outside the zone of interests protected by

11  the ancillary proceeding provisions of the criminal forfeiture

12  statutes, and that the question of whether to transfer assets

13  that are subject of this proceeding to potential victims is one

14  that should be left to the discretion of the Attorney General.

15    3.   Pursuant to Rule 32.2(c)(2), the Court finds that the

16  defendants convicted in this case, and in the parallel criminal

17  cases (or some combination of defendants convicted in these

18  cases), had an interest in each of the assets identified in ¶

19  2.(1)-(15) of the Court's Preliminary Order of Forfeiture filed

20  April 27, 2004.   Accordingly, all of the terms of the Preliminary

21  Order of Forfeiture are hereby made the Final Order of Forfeiture

22  and are incorporated herein as though fully set forth.   The Final

23  Order of Forfeiture finally and conclusively orders that the

24  assets identified in ¶ 2.(1)-(15) of the Preliminary Order of

25  Forfeiture be, and the same hereby are, forfeited to the United

26  States of America to be disposed of as provided for by law.   A

27

28                                  2

1 ///

2 true and correct copy of the Court's Preliminary Order of

3 Forfeiture is attached hereto.

4     4.   This Final Order of Forfeiture may be executed in

5 accordance with Article 11 of the Treaty on Cooperation between

6 the United States of America and the United Mexican States or

7 such other provisions of United States or Mexican law that may

8 apply.  Such execution may be made through, among other means:

9         A.   Transfer to the United States of America all right,

10       title and interest in personal property identified in the

11       Preliminary Order of Forfeiture at ¶ 2.(1) and ¶¶ 2.(10)

12       through (15).

13         B.   With respect to interests in any real property

14       identified in the Preliminary Order of Forfeiture at ¶¶

15       2.(2) through (9) transfer to the United States of America

16       all forfeitable right, title and interest in the real

17       properties identified in the Preliminary Order of

18       Forfeiture.  If, however, the appropriate authorities in

19       Mexico determine that Mexican law does not permit such

20       interests in the real properties to be transferred directly

21       to the United States of America, then execution of this

22       Order may be made in accordance with a request by the

23       Attorney General of the United States (or a designee) that

24       Mexican authorities apply for such orders or decrees as may

25       be necessary to effectuate the sale of all forfeited

26       interests in these real properties, and the transfer of the

27

28                            3

1   net proceeds from such sales to the United States of

2   America.

3       5.   The Court shall retain jurisdiction in this action for

4   the limited purpose of making such orders as may be necessary to

5   enforce this Final Order of Forfeiture and to effectuate the sale

6   or other disposition of the Assets identified in the Preliminary

7   Order of Forfeiture.

8       SO ORDERED this __4ᵗʰ__ day of October, 2005.

9

10                                  EDWARD J. GARCIA

11                                  United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                              4

# Attachment A

I hereby certify that the annexed
instrument is a true and correct copy of
the original on file in my office.
ATTEST: JACK L. WAGNER
Clerk, U.S. District Court
Eastern District of California
By\_\_\_\_ Deputy Clerk
Dated\_\_\_\_

1  McGREGOR W. SCOTT
   United States Attorney
2  JOHN K. VINCENT
   ROBIN TAYLOR
3  COURTNEY J. LINN
   Assistant U.S. Attorneys
4  501 I Street, Suite 10-100
   Sacramento, CA 95814
5  Telephone: (916) 554-2700

**FILED**

APR 2 7 2004

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY\_\_\_\_

LODGED

7  APR 2 0 2004    IN THE UNITED STATES DISTRICT COURT FOR THE

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA    EASTERN DISTRICT OF CALIFORNIA

BY\_\_\_\_

10  UNITED STATES OF AMERICA,

11          Plaintiff,

                  v.

12  ALYN RICHARD WAAGE, and
    JAMES MICHAEL WEBB,

13

14          Defendants.

15

CR-S-02-124 EJG
CR-S-03-005 EJG

[proposed]
PRELIMINARY ORDER OF
FORFEITURE -
MEXICAN ASSETS

16

17      Upon the application of the United States of America, the

18  Court makes the following FINDINGS AND ORDERS:

19      1.  As the result of the guilty plea of Alyn Richard Waage

20  to Count 1 of the Indictment, charging him with mail fraud in

21  violation of 18 U.S.C. § 1341, to Count 7 of the Indictment,

22  charging him with wire fraud in violation of 18 U.S.C. § 1343,

23  and to Count 24 of the Indictment, charging him with conspiracy

24  to commit money laundering in violation of 18 U.S.C. § 1956(h);

25  the guilty plea of James Michael Webb to Count 5 of the

26  Indictment, charging him with mail fraud in violation of 18

27  U.S.C. § 1341, to Count 16 of the Indictment, charging him with

28  wire fraud in violation of 18 U.S.C. § 1343, and to Count 24 of

57

1  the Indictment, charging him with conspiracy to commit money
2  laundering in violation of 18 U.S.C. § 1956(h); and the guilty
3  plea of Cary Alyn Waage in the parallel case, United States v.
4  Cary Alyn Waage, CR-S-02-124 EJG, to one count of mail fraud in
5  violation of 18 U.S.C. § 1341, and one count of conspiracy to
6  commit money laundering in violation of 18 U.S.C. § 1956(h), the
7  defendants, and each of them, shall forfeit to the United States:

8              a.   All property involved in or traceable to offenses
9  of conviction involving violations 18 U.S.C. § 1956(h); and

10             b.   All property constituting, or derived from
11 proceeds, gross proceeds the defendants, and each of them,
12 obtained directly or indirectly, as the result of the offenses of
13 conviction involving violations of 18 U.S.C. §§ 1341 and 1343.

14        2.   The Court finds, based upon the government's application
15 for preliminary order of forfeiture, the declarations of Alyn
16 Richard Waage, Cary Alyn Waage, James Michael Webb, and Jason
17 Lamb filed concurrently herewith, the guilty pleas and plea
18 agreements of Alyn Richard Waage, Cary Alyn Waage and James
19 Michael Webb, and the Court's files and records in this action,
20 in the parallel criminal action United States v. Cary Alyn Waage,
21 CR-S-02-124 EJG, and the files and records in the parallel civil
22 forfeiture actions, that the following property is subject to
23 forfeiture pursuant to 18 U.S.C. § 982 and 18 U.S.C. §
24 981(a)(1)(C) (as incorporated by 28 U.S.C. § 2461(c)), and that
25 the government has established the requisite nexus between such
26 property and the offenses of conviction:

27             (1)  The Cashier's Checks and Other Financial

28                                   2

Instruments Seized from Alyn Richard Waage in Puerto Vallarta in April 2001.

(2) Casa Christina, Paseo del los Defines #123, Conchas Chinas, Puerto Vallarta, Jalisco, Mexico, including all appurtenances and improvements thereto, including household items,

(3) Puerto Iguana, Villa #92, Blvd. Francisco Madina Ascencio, Marina Vallarta, Puerto Vallarta, including all appurtenances and improvements thereto, including household items,

(4) Villas Vista Del Sol, Aquilles Serdan No. 174 Unit 302, Puerto Vallarta, including all appurtenances and improvements thereto, including household items,

(5) Villas Vista Del Sol, Aquilles Serdan No. 174 Unit 205, Puerto Vallarta, including all appurtenances and improvements thereto, including household items,

(6) Villas Vista Del Sol, Aquilles Serdan No. 174 Unit 411, Puerto Vallarta, including all appurtenances and improvements thereto, including household items,

(7) Casa Tatiana, Rinconadas de las Caracolas #113 Puerto Vallarta, Jalisco, Mexico, including all appurtenances and improvements thereto, including household items,

(8) Calle Amapas No. 156, El Dorado Condo Unit 401, including all appurtenances and improvements thereto, including household items,

(9) Calle Amapas No. 156, El Dorado Condo Unit 503 and 504 (legally 2 units but physically one apartment), including all appurtenances and improvements thereto, including household items,

(10) 1998 Bayliner Capri, Serial No. BIYL12CLE98 and Bayliner, Serial No. 405120 CAX,

(11) Dell PPI, laptop computer, serial no. PN0009963T-12961-04P-1887,

(12) All funds that are deposited in the Operadora de Fondos Lloyd, S.A., Mexico, Account No. 29590-7, in the names of Alyn Richard Waage and Michelle Higgins, plus any and all accrued interest earned,

3

(13) All funds that are deposited in the Operadora de Fondos Lloyd, S.A., Mexico, Account No. 130266-0, in the names of Beverly Grissett Davis, Floyd Ray Grissett, and Patricia MC Grissett, plus any and all accrued interest earned,

(14) $446,500.00 in pesos from Operadora de Fondos Lloyd, S.A. account no. 33390-6 held in the name of Joseph Emil Kabat, plus any and all accrued interest earned, and

(15) All funds that are deposited in Banca Serfin Account No.0000-11077118644 held in the name of Dean Mae Taylor, plus any and all accrued interest earned.

(Hereinafter the above-described properties are referred to collectively as the "Subject Property")

3.   The Court finds that the Subject Property constitute or are derived from proceeds traceable to violations of 18 U.S.C. §§ 1341 and 1343, are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) (as incorporated by 28 U.S.C. § 2461(c)). The Court further finds that the Subject Property were involved in a transaction in violation of 1956(h) (money laundering conspiracy), or are property traceable to such property, and are therefore subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1).   To the extent any of the Subject Property is held in the name of an individual or entity other than Alyn Richard Waage, James Michael Webb, or Cary Alyn Waage, the Court finds that such property is subject to forfeiture pursuant to 21 U.S.C. § 853(c) (as incorporated by 18 U.S.C. § 982(b)(1)), and orders the preliminary forfeiture of such property to the United States.

4.   As the result of the offenses of conviction set forth in paragraph one above, and based upon the plea agreements of Alyn Richard Waage and James Michael Webb, the Court hereby enters the

4

1  following money judgments:

2          (i)  As against defendant Alyn Richard Waage the Court
3  enters a money judgment in the amount of $58,000,000, subject to
4  an offset in an amount equal to the value of the specific
5  property forfeited by Alyn Richard Waage;

6          (ii) As against James Michael Webb the Court enters a
7  money judgment in the amount of $20,000,000, subject to an offset
8  in an amount equal to the value of any specific property
9  forfeited by James Michael Webb.

10      5.  Upon entry of this Order, the Attorney General of the
11  United States (or his designee) is authorized to request under
12  the terms of the Mutual Legal Assistance Cooperation Treaty with
13  Mexico that the appropriate authorities of the United Mexican
14  States seize or restrain the Subject Property during the pendency
15  of these forfeiture proceedings or until further order of this
16  Court.

17      6.  Pursuant to 21 U.S.C. § 853(n) (as incorporated by 18
18  U.S.C. § 982(b)(1) and Local Rule 83-171, the Attorney General
19  (or his designee) forthwith shall publish at least once for three
20  successive weeks in the Daily Recorder (Sacramento County), a
21  newspaper of general circulation located in this judicial
22  district, notice of this Order, notice of the Attorney General's
23  intent to dispose of the property in such manner as the Attorney
24  General may direct, and notice that any person, other than the
25  defendants, having or claiming a legal interest in the above-
26  listed forfeited property must file a petition with the Court
27  within thirty (30) days of the final publication of the notice or

28                                  5

1  of receipt of actual notice, whichever is earlier. The Attorney
2  General (or his designee) is further authorized to request
3  pursuant to the Mutual Legal Assistance Cooperation Treaty With
4  Mexico and other means of obtaining cooperation that the
5  appropriate authorities of the United Mexican States cooperate
6  and assist the United States in publishing notice of forfeiture
7  in a newspaper of general circulation within the United Mexican
8  States, and that such authorities further cooperate and assist
9  the United States by sending direct notification to each person
10  having a known and stated interest in the Subject Property, and
11  which for persons directly notified will substitute for published
12  notification, in addition to taking whatever additional steps are
13  necessary to provide notice, reasonably calculated under all the
14  circumstances, to apprize interested parties of the pendency of
15  the action.  The published notices shall state that the petition
16  shall be for a hearing to adjudicate the validity of the
17  petitioner's alleged interest in the property, shall be signed by
18  the petitioner under penalty of perjury, and shall set forth the
19  nature and extent of the petitioner's right, title or interest in
20  the forfeited property and any additional facts supporting the
21  petitioner's claim and the relief sought.  The Attorney General
22  (or his designee) may also, to the extent practicable, provide
23  direct written notice to any person known to have alleged an
24  interest in the property that is the subject of the Order of
25  Forfeiture, as a substitute for published notice as to those
26  persons so notified.  No notice specified in this paragraph is
27  required to the extent that this Order consists solely of a money
28                                 6

1  judgment against Alyn Richard Waage or James Michael Webb.  Rule
2  32.2(c)(1).

3        7.  Any person, other than above-named defendants, asserting
4  a legal interest in the Subject Property may, within thirty days
5  of the final publication of notice or receipt of notice,
6  whichever is earlier, petition the Court for a hearing without a
7  jury to adjudicate the validity of his alleged interest in the
8  Subject Property, and for an amendment of this order of
9  forfeiture, pursuant to 18 U.S.C. § 982(b)(1) (incorporating 21
10 U.S.C. §§ 853(c) & (n)).  Any petition filed by a third party
11 asserting an interest in the Subject Property shall be signed by
12 the petitioner under penalty of perjury and shall set forth the
13 nature and extent of the petitioner's right, title, or interest
14 in the Subject Property, the time and circumstances of the
15 petitioner's acquisition of the right, title or interest in the
16 Subject Property, and additional facts supporting the
17 petitioner's claim and the relief sought.

18       8.  After the disposition of any motion filed under Fed. R.
19 Crim. P. 32.2(c)(1)(A), and before a hearing on the petition,
20 discovery may be conducted in accordance with the Federal Rules
21 of Civil Procedure upon a showing that such discovery is
22 necessary or desirable to resolve factual issues.

23       9.  Pursuant to Fed. R. Crim. P. 32.2(b)(3), and based upon
24 the consent of Alyn Richard Waage, James Michael Webb and Cary
25 Alyn Waage to the entry of this order prior to sentencing, this
26 order is final as to them upon its entry. If no third party files
27 a timely claim, this Order shall become the Final Order of

28                                7

1  Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).  If a
2  petition is timely filed, upon adjudication of all third-party
3  interests, if any, this Court will enter a Final Order of
4  Forfeiture pursuant to 18 U.S.C. §§ 981 and 982 and 28 U.S.C. §
5  2461, in which all such interests, if any, will be addressed.
6  The United States shall have clear title to the Subject Property
7  following the Court's disposition of all third-party interests
8  or, if none, following the expiration of the period provided in
9  21 U.S.C. 853(n)(2) (as incorporated by 18 U.S.C. § 982(b)(1)).

10      10.  The Court shall retain jurisdiction to enforce this
11  Order, and to amend it as necessary, pursuant to Fed. R. Crim. P.
12  32.2(e).

13      11.  The Clerk of the Court shall forward four certified
14  copies of this order to Assistant U.S. Attorney Courtney J. Linn,
15  U.S. Attorney's Office, Suite 10-100, 501 I Street, Sacramento,
16  CA 95814.

17      12.  The Clerk of the Court is directed to file and docket a
18  copy of this order in the parallel case, United States v. Cary
19  Alyn Waage, CR.-S-02-124 EJG.

20      SO ORDERED this   21ᵗᵉ day of   April      , 2004.

21

22                          EDWARD J. GARCIA
23                          United States District Judge

24

25

26

27

28                              8

**CERTIFICATE OF SERVICE BY MAIL**
The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Eastern District of California and is a person of such age and discretion to be competent to serve papers; that on ___4/20/04___, she served a copy of

[proposed] **PRELIMINARY ORDER OF FORFEITURE - MEXICAN ASSETS**

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place(s) and address(es) stated below, which is/are the last known address(es), and by depositing said envelope and its contents in the United States Mail at Sacramento, California.

Addressee(s):
Matthew Bockmon
Office of Federal Defender
801 K Street, 10th Floor
Sacramento, CA 95814

John Balazs
Attorney at Law
916 2nd Street, 2nd Floor
Sacramento, CA 95814

Robert Wilson
Attorney at Law
400 Capital Mall, Suite 900
Sacramento, CA 95814

_Tammy Jeglia_

9

mm1

United States District Court
for the
Eastern District of California
April 27, 2004

\* \* CERTIFICATE OF SERVICE \* \*

2:02-cr-00124

USA

v.

Waage

---

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  April 27, 2004, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.

Courtney J Linn                              CL/EJG
United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
(w/4 certified copies of Order)

Matthew Bockmon
Federal Defender
801 I Street, Third Floor
Sacramento, CA  95814

John P Balazs
Law Offices of John P Balazs
916 Second Street, Second Floor
Sacramento, CA  95814

SERVICE BY INTER OFFICE:

FD      US MARSHAL      PROBATION      PRETRIAL SERVICES

                                        Jack L. Wagner, Clerk

                                        BY: